IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRASHANT JAIN, et al.,

    Plaintiffs,

vs.                                                                           1:22-cv-00465 RB-LF

PAUL ANDRUS, et al.,

    Defendants.

## ORDER GRANTING IN PART MOTION TO LIFT STAY

THIS MATTER is before the Court on Plaintiffs' Motion to Lift Stay (Doc. 87), filed March 18, 2024. Four sets of defendants filed responses in opposition between March 28 and April 1. *See* Docs. 89, 90, 91, 92. Plaintiffs filed their reply on April 11, 2024. Doc. 93. On April 16, 2024, the Honorable Robert C. Brack referred this matter to me pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and FED. R. CIV. P. 72(a).[1] Docs. 94, 97. Having reviewed the briefing and the relevant law, I GRANT Plaintiffs' motion in part.

This case was stayed by Judge Brack as part of a Memorandum Order and Opinion, filed January 11, 2023, that dismissed twenty-five of Plaintiffs' thirty-seven claims. Doc. 76. The case was stayed because of parallel litigation in New Mexico state court, the resolution of which "will be determinative of Plaintiffs' [Due Process] claim in the federal case." *Id.* at 21. "Because discovery on Plaintiffs' other claims . . . overlap[s] with discovery on the due process claim, the Court [found] it appropriate to stay the entire federal lawsuit for purposes of efficiency and judicial economy." *Id.* at 24.

---

[1] Rule 72(a) permits magistrate judges to "issue written order[s] stating the decision" on non-dispositive matters referred to them. FED. R. CIV. P. 72(a).

In their motion, Plaintiffs inform the Court that the state court issued its final decision on March 12, 2024, and request that the Court lift the stay, or at least permit plaintiffs to amend their complaint and commence discovery. Doc. 87 at 1–3. "Plaintiffs intend to amend their federal complaint to: closely track the state courts' order regarding Plaintiffs' due process claims; comply with this Courts' Memorandum Opinion and Order [doc #76], and; to prosecute remaining claims in an amended complaint." *Id.* at 2. Plaintiffs argue that because the underlying events of this case began in 2019, and because defendants have financial resources that grant them a tactical advantage, it is important that discovery commence. *Id.*

Each of the four responses to Plaintiffs' motion advances the same arguments: although the state court has issued a decision in the parallel case, the defendants in that case have 1) filed a Motion for Rehearing and 2) had until April 11, 2024, to appeal the decision. The decision therefore is not final and allowing this case to proceed "while an appeal is pending could put the Court in the position of predicting the outcome on appeal" of Plaintiffs' due process claim. Doc. 89; *see also* Docs. 90, 91, 92 (adopting by reference Doc. 89). Those defendants have now filed a Notice of Appeal seeking review of five orders issued by the state court. Doc. 93 at 2. Plaintiffs' Reply reiterates the prejudice they will suffer as a result of further delaying discovery and their belief that further proceedings in the state court are unlikely to disturb the state district judge's final decision. *See id.*

Having considered the parties' positions, I will allow Plaintiffs to amend their complaint and for discovery to commence, but I will not fully lift the stay at this time. In reaching this decision, I am cognizant of the risk that this case may face further delays between the termination of discovery and a final disposition in the state court after exhausting all appeals. Nonetheless, the fact remains that Plaintiffs allege, and Defendants do not contest, that the

parties' ability to conduct adequate discovery is diminishing as witnesses are leaving county employment and moving out of district. Doc. 87 at 2. Moreover, Plaintiffs have pled more than a dozen surviving claims in addition to the claim paralleled in state court. The prejudice to Plaintiffs of continuing to delay discovery in this case nearly five years after the underlying events occurred weighs in favor of a limited lifting of the stay, which will not undermine the concerns that motivated Judge Brack to impose the stay in the first place.. This limited lifting of the stay will not result in the state and federal courts duplicating efforts and reaching different results; it simply will allow the parties to conduct discovery until the stay is lifted in its entirety.

IT IS THEREFORE ORDERED THAT:

1. The stay in this case is lifted to the extent that the parties may conduct full discovery. The Court will enter an initial scheduling order concurrently with this order.

2. The stay in this case is lifted to the extent that Plaintiffs will be permitted to move to amend their complaint. Plaintiffs shall move to amend their complaint no later than May 14, 2024.

_____
Laura Fashing
United States Magistrate Judge