IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRASHANT JAIN, et al.,

      Plaintiffs,

vs.                                                  1:22-cv-00465 MLG-LF

PAUL ANDRUS, et al.,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiffs' Amended Motion for Leave to Amend the Complaint (Doc. 106), filed May 20, 2024. The County Defendants[1] filed a response in opposition (Doc. 112); no other defendant opposed the motion. *See* Doc. 106 at 1. Plaintiffs replied on June 7, 2024 (Doc. 116). On September 24, 2024, the Honorable Matthew L. Garcia referred this matter to me pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and FED. R. CIV. P. 72(a).[2] Doc. 126.

Having reviewed the briefing and relevant law, I GRANT IN PART and DENY IN PART plaintiffs leave to file their amended complaint subject to the conditions described below. *See, e.g.*, *Graff v. Aberdeen Enterprizes II, Inc.*, No. 4:17-cv-606, 2018 WL 4517468, at *6 (N.D. Okla. Sept. 20, 2018) (recognizing that courts have "discretion" under Rule 15 to "impose

---

[1] The County Defendants include the Board of County Commissioners for the Incorporated County of Los Alamos and individual county employees and elected officials Paul Andrus, Michael Arrellano, Harry Burgess, J. Alvin Leaphart, Terry Priestly, Barabara Ricci, Randall Ryti, Sara Scott, Philo Shelton, and Larry Valdez. *See* Doc. 112 at 1.

[2] Rule 72(a) permits magistrate judges to "issue written order[s] stating the decision" on non-dispositive matters referred to them. FED. R. CIV. P. 72(a)

'reasonable conditions' on a grant of leave to amend" (quoting *Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980))).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading after the standard 21-day period "only with the opposing part[ies'] written consent or the court's leave. The court should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks and citation omitted).

The County Defendants argue that the fourth and tenth claims for relief in plaintiffs' amended complaint reassert claims previously dismissed in this case and which "remain subject to dismissal." Doc. 112 at 2. I agree in part and find that portions of amended claims four and ten would be subject to dismissal for the same reasons stated in Judge Brack's Memorandum Opinion and Order ruling on defendants' motion to dismiss. Doc. 76. Plaintiffs therefore must remove these deficient parts of their amended complaint before filing. *See, e.g.*, *Brown v. Pfeiffer*, No. 19-cv-3132, 2020 WL 1164594, at *7 (D. Minn. Mar. 11, 2020) ("[T]he Court concludes that the Plaintiffs should be required to remove those paragraphs from the [amended complaint before filing] . . . that the undersigned has found to be futile as pled." (citing Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1486 (3d ed. 2019))). I analyze amended claims four and ten in turn below.

***Claim Four.*** Plaintiffs' fourth claim for relief collapses two constitutional claims into one: a Fourth Amendment seizure claim and a Fifth Amendment takings claim. *See* Doc. 106-1

at 16–19. This claim also corresponds to the thirty-third claim in plaintiffs' original complaint. *See* Doc. 1 at 104–06. Judge Brack previously analyzed and dismissed both claims. *See* Doc. 76 at 13–15. As explained below, I find that plaintiffs' amended seizure claim is subject to dismissal because it is grounded on inapplicable doctrine, thus rendering the amendment futile. However, plaintiffs' amended takings claim states a plausible claim and may proceed.

First, I address the amended Fourth Amendment seizure claim at claim four. Plaintiffs allege that they have a constitutional right against unreasonable seizure—that is, unreasonable interference with their possessory interests in the leased property—and that seizure can occur either by acquisition of physical control or by a show of authority. Doc. 106-1 at 16. Judge Brack previously concluded that plaintiffs did not allege facts that would demonstrate that defendants acquired physical control over the property. Doc. 76 at 13–14. Plaintiffs' amended complaint changes nothing in this respect. Instead, plaintiffs allege that defendants seized their property by a show of authority; i.e., by placing a stop-work order—a "red tag"—on their leased space that prevented work required to open a restaurant in that space. *See* Doc. 106-1 at 16–17. Plaintiffs cite *California v. Hodari D.*, 499 U.S. 621 (1991), regarding seizures effected through a show of authority. However, *Hodari D.* concerned seizure of a citizen's person, not property: "the test for existence of a 'show of authority' is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person." *Id.* at 628 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Plaintiffs cite no precedent demonstrating that a show of authority can effect an unreasonable seizure of property. I therefore find this claim futile. Plaintiffs must remove this claim from their amended complaint before filing.

3

Next, I address the amended Fifth Amendment takings claim at claim four. Plaintiffs allege that defendants' red tag completely deprived them of all economically viable use of their leased property and therefore constituted an uncompensated taking prohibited by the Fifth Amendment. Doc. 106-1 at 17–18. Plaintiffs allege that "[t]here was no economically viable use of the leasehold premises but to operate it as a restaurant, as the terms of [their] lease required them to open their restaurant" and that "the Red Tag prevented [them] from doing *anything* in their leasehold premises. They could not complete necessary work to open the space as a restaurant—or any other business—nor could they do any work inside the leasehold premises, or even occupy it." *Id.* at 18.

Opposing these amendments, the County Defendants argue that these allegations "are merely restatements of the legal conclusions that would be required to support a judgment that the County Defendants have violated Plaintiffs' constitutional rights." Doc. 112 at 3. They also argue that these allegations are "not supported by any factual allegations explaining how the mere placement of the Reg Tag . . . could have physically prevented Plaintiffs from even occupying the leased space or performing non-construction related activities such a cleaning, painting or decorating the space." *Id.*

The County Defendants' arguments are not well-taken. Taken together, plaintiffs' allegations that (1) the terms of their lease required them to operate the premises as a restaurant and that (2) the red tag prevented work necessary to open a restaurant on the premises "state a claim to relief" under Fifth Amendment takings law "that is plausible on its face."[3] *Ashcroft v.*

---

[3] The parties do not brief the particulars of a Fifth Amendment takings claim grounded on denial of all economically viable use of a lease property. However, I note that a lease can create a cognizable property interest in these matters, *see, e.g.*, *Love Terminal Partners, L.P. v. United States*, 889 F.3d 1331, 1339 (Fed. Cir. 2018), and that an inquiry into plaintiffs' property interest

4

*Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations cure the deficiencies that Judge Brack previously identified—i.e., that the original allegations did "not show that [defendants'] conduct completely deprived Plaintiffs of '*all* economically beneficial use' of the space." Doc. 76 at 15 (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005)); *see also Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) ("In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect.") (internal quotation marks and citation omitted). The amended Fifth Amendment takings claim at claim four may therefore proceed.

**Claim Ten.** Plaintiff's tenth claim for relief alleges three claims under 42 U.S.C. § 1983: violations of Mr. Jain's constitutional rights against unreasonable seizure or taking, rights to due process, and rights to equal protection of the law. *See* Doc. 106-1 at 24–25. These claims correspond to and incorporate plaintiffs' first, fourth, and fifth claims stated in their amended complaint.

I find that the equal protection claim at claim ten is futile; plaintiffs must remove it from their amended complaint before filing. In their original complaint, plaintiffs pled a § 1983 claim premised on violation of equal protection through national original discrimination, but Judge Brack dismissed this claim because plaintiffs "primarily discuss[ed] the County's treatment of [their restaurant] versus other businesses" and "failed to cite to anything more than conclusory allegations to show that the County Defendants treated *Jain* differently from other *individuals*."

---

shows "that the proscribed use interests were . . . part of [their] title," *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992). In short, I see no obvious doctrinal obstacles to this claim.

Doc. 76 at 18. The same defect is present in plaintiffs' amended equal protection claim. *See* Doc. 106-1 at 19–20.

Likewise, the amended unreasonable seizure claim at claim ten must be removed because it does not state a plausible violation of a constitutional right for the same reasons described above and is thus futile. *See supra* at 3 (rejecting the amended seizure claim stated in claim four).

The amended takings claim at claim ten, however, states a plausible claim for relief for the same reasons set out above, *see supra* at 4–5 (addressing the amended takings claim at claim four), as does the amended due process claim, on which plaintiffs prevailed in state court.[4] *See* Doc. 106-1 at 56. These two parts of plaintiffs' tenth claim may be included in their amended complaint.

***Improper Renaming of County Defendants.*** Judge Brack previously ordered that "[i]n any proposed amended complaint, Plaintiffs shall (1) name the correct County entity and substitute the County for all non-suable departments, and (2) omit these claims as brought against County officials and employees in their official capacities."

Plaintiffs' proposed amended complaint does not comply fully with Judge Brack's order, as it improperly renames as defendants the "County of Los Alamos," the "Los Alamos Board of Appeals," and the "Records Information Management Office." Doc. 106-1 at 1. Plaintiffs must remove these defendants before filing their amended complaint.

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to amend their complaint (Doc. 106) is GRANTED IN PART and DENIED IN PART. The motion is DENIED

---

[4] Defendants also argue that plaintiffs' tenth claim is futile because the earlier incorporated claims do not specifically mention Jain by name. Doc. 112 at 4–5. However, Jain is mentioned in the caption, preface, and paragraph 8 of the amended complaint and is one of the rights-holding plaintiffs referenced in those earlier claims. *See generally* Doc. 106-1 at 1–19. I reject this argument.

to the extent that the proposed amendments (1) assert a futile Fourth Amendment unreasonable seizure claim at claim four; (2) assert futile equal protection and unreasonable seizure claims at claim 10; and (3) improperly rename as defendants the "County of Los Alamos," the "Los Alamos Board of Appeals," and the "Records Information Management Office." Plaintiffs must remove these claims and defendants before filing their amended complaint. The motion is otherwise GRANTED. Plaintiffs must file their amended complaint within 14 days of this order.

_____
Laura Fashing
United States Magistrate Judge